



## MEMORANDUM OPINION

Nos. 04-12-00246-CR
& 04-12-00247-CR

Maureen Elizabeth **BURGESS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 114th District Court, Smith County, Texas
Trial Court Nos. 114-1561-10 & 114-1562-10
The Honorable Christi J. Kennedy, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 3, 2012

MOTION TO WITHDRAW GRANTED; AFFIRMED

Pursuant to a plea bargain agreement, appellant Maureen Burgess pleaded guilty to the offenses of aggravated assault with a deadly weapon and child endangerment.  The trial court, in accordance with the plea agreement, deferred findings of guilt and placed Burgess on community supervision for a period of seven years for the aggravated assault and five years for the child endangerment.

The State filed an application to proceed to final adjudication, alleging Burgess had violated numerous conditions of her community supervision. Burgess pled true to all of the State's allegations, other than those abandoned by the State. After a hearing, the trial court found Burgess had violated terms of her community supervision, adjudicated her guilty, and sentenced her to ten years confinement for the aggravated assault and two years confinement for the child endangerment. Burgess then perfected this appeal.

Burgess's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Burgess was given a copy of the brief and motion to withdraw and was informed of her right to review the record and file her own brief. Burgess has not filed a brief.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Burgess's counsel and affirm the trial court's judgments. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Burgess wish to seek further review of this case in the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is

rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish